```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


CAROLYN M. RODRIQUEZ,         )
Personally and as Administrator)
of the Estate of Marcos       )
Rodriquez Sr., Deceased,      )
                              )
           Plaintiff          )
                              )
      v.                      )    Case No. 2:08 cv 273
                              )
DANIEL M. LONG; J.B. HUNT     )
TRANSPORT, INC.,              )
                              )
           Defendants         )
```

OPINION AND ORDER

This matter is before the court on the Motion to Strike [DE 20] filed by the defendants, Daniel M. Long and J.B. Hunt Transport, Inc., on March 3, 2009. For the following reasons, the motion is **DENIED**.

Background

The plaintiff, Carolyn Rodriquez, filed her Amended Complaint on January 21, 2009, alleging that the death of her husband was the result of the negligence of the defendants. The Amended Complaint contains a request for attorney fees "for the defendants' frivolous, unreasonable and groundless" defense, and retains the use of the words "willfully, wantonly and recklessly," although the punitive damages request of the original Complaint was withdrawn. (*See* DE 21 p. 2) The defendants filed this Motion to Strike requesting the removal of both the request

for attorney fees and the "scandalous" use of language.  (*See* Deft. Reply, DE 26 p. 1)

## Discussion

Federal Rule of Civil Procedure 12(f) states that "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter."  Motions to strike are disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters.  ***Heller Financial, Inc. v. Midwhey Powder Co., Inc.***, 883 F.2d 1286, 1294 (7th Cir. 1989); ***Doe v. Brimfield Grade School***, 552 F.Supp.2d 816, 825 (C.D. Ill. 2008).  The decision whether to strike material is within the discretion of the court.  ***Talbot v. Robert Matthews Distrib. Co.***, 961 F.2d 654, 665 (7th Cir. 1992).

First, the defendants allege that the words willful, wanton, and reckless are scandalous.  "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice."  ***Talbot***, 961 F.2d at 664.  Here, Rodriquez's Amended Complaint uses the words in a string of adverbs describing how the defendants purportedly behaved.  The defendants argue that because no punitive damages are available for the claims involved, the adverbs reflect negatively on the defendants' moral character.  Without the claim for punitive damages, the words "willful, wanton and reckless" lose their significance and become mere descriptive words.  The defendants have not shown how these words are prejudicial. *See, e.g.*, ***Jordan v. VanWinkle***, 2005 WL 1500860, *2 (N.D. Ind.

2

June 23, 2005)(holding that defendant did not prove any prejudice that would occur from use of "sadistic" and "sadistically" in the complaint). Therefore, the motion to strike these words from the Amended Complaint is **DENIED**.

Secondly, the defendants request that the prayer for attorney fees be stricken because they may not be recovered by the plaintiff. However, Rodriquez states that in the event that the defendants' denials of liability or affirmative defenses are frivolous, unreasonable, or groundless, such fees are available. Although the defendants deny making any inappropriate defenses, the Answer and Affirmative Defenses to Plaintiff's Amended Complaint contains the standard litany of denials. The defendants deny that Long was traveling at a high rate of speed and deny that he was careless or reckless in the operation of the tractor trailer, as well as various other allegations in the Amended Complaint. It is within Rodriquez's rights to prove that these denials are frivolous, unreasonable, or groundless.

As a whole, addressing this Motion to Strike has fallen into the general rule of such motions for serving only as a delay. Nothing in the Amended Complaint is so redundant, immaterial, impertinent, or scandalous as to require removal to avoid prejudice to the defendants. Therefore, the motion to strike the words "willful, wanton and reckless" and the prayer for attorney fees is **DENIED**.

_____

For the foregoing reasons, the Motion to Strike [DE 20] filed by the defendants, Daniel M. Long and J.B. Hunt Transport, Inc., on March 3, 2009, is **DENIED**.

ENTERED this 27th day of July, 2009

                                      s/ ANDREW P. RODOVICH
                                        United States Magistrate Judge