```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


CAROLYN M. RODRIQUEZ,          )
Personally and as Administrator)
of the Estate of Marcos        )
Rodriquez Sr., Deceased,       )
                               )
            Plaintiff          )
                               )
        v.                     )    Case No. 2:08 cv 273
                               )
DANIEL M. LONG; J.B. HUNT      )
TRANSPORT, INC.,               )
                               )
            Defendants         )
```

## OPINION AND ORDER

This matter is before the court on the Motion for Protective Order on Plaintiff's Discovery Requests [DE 32] filed by the defendants, Daniel M. Long and J.B. Hunt Transport, Inc., on April 29, 2009. For the following reasons, the motion is **DENIED**.

### Background

The plaintiff, Carolyn Rodriquez, filed her Amended Complaint on January 21, 2009, alleging the death of her husband as a result of the negligence of the defendants. The Amended Complaint contains a request for attorney fees "for the defendants' frivolous, unreasonable, and groundless" defense. The defendants in their Answer to the Amended Complaint, admit to negligence, but claim that the plaintiff should be precluded from claiming attorney fees according to the Indiana Wrongful Death Statute. The Amended Answer includes denials that Long was traveling at a high rate of speed, that Long was careless or

reckless in the operation of the tractor trailer unit, and several other allegations advanced by Rodriquez.

The defendants filed this Motion for Protective Order claiming that, because the defendants have admitted to negligence, the dispute in this case now centers on the issue of damages. The defendants allege that the plaintiff's discovery requests for production, expert witness interrogatories, and expert request for production to both defendants are not relevant to the issue of damages and only encompass the issue of liability.

## Discussion

First, the defendants assert that Rodriquez's discovery requests are not relevant. A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Federal Rule of Civil Procedure 26(b)(1). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp.***, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (*quoting* ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. ***Borom v. Town of Merrill-***

*ville*, 2009 WL 1617085 (N.D. Ind. June 8, 2009) (*citing Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003). *See also Adams v. Target*, 2001 WL 987853, *1 (S.D. Ind. July 30, 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). *See also Shapo v. Engle*, 2001 WL 629303, *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may move for a protective order in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Rule 26(c)(1). Good cause is required for the granting of a protective order, and the burden is on the party seeking relief to show some plainly adequate reason for the order. 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §2035 (3d ed. 1998). *See also Harrisonville Telephone Co. v. Illinois Commerce Commission*, 472 F.Supp.2d 1071, 1078 (S.D. Ill. 2006) (stating that, in order to establish good cause, the movant must rely on particular and specific demonstrations of fact, rather than conclusory statements); *Patt v. Family Health Systems, Inc.*, 189 F.R.D. 518 (E.D. Wis. 1999) (stating that it must be shown that disclosure will cause a clearly defined and serious injury).

In this case, Rodriquez is seeking information through requests for production and interrogatories about the background and events in connection with the accident. The information sought by the plaintiff is highly relevant to the issue at hand. A party may obtain discovery of any unprivileged information

"that is relevant to the claim or defense of any party." Rule 26(b)(1). Although the defendants have admitted to negligence, their Answer contains many denials. Given the broad scope generally permitted for relevancy, the information requested is relevant to the various denials put forth by the defendants.

Second, the defendants allege that the prayer for attorney fees is completely without merit. According to the Indiana Wrongful Death Statute, "When the death of one is caused by the wrongful act or omission of another . . . the measure of damages to be recovered shall be . . . such costs and expenses of administration, including attorney fees." Ind. Code § 34-23-1-1. *See also* ***Fellner v. Philadelphia Tobaggan Coasters, Inc.***, 2006 WL 2224068, *5 (S.D. Ind. Aug. 2, 2006) (stating that the aforementioned provision clearly permits attorney fees as an element of damages recoverable in a wrongful death action).

Rodriquez alleges that in the event that the defendants' denials of liability or affirmative defenses are frivolous, unreasonable or groundless, such fees are available. Although the defendants deny making any inappropriate defenses, the Answer and Affirmative Defenses to Plaintiff's Amended Complaint contains numerous denials. For example, the defendants deny that Long was traveling at a high rate of speed and deny that he was careless or reckless in the operation of the tractor trailer. It is within Rodriquez's rights to prove that these denials are frivolous, unreasonable, or groundless. Therefore, Rodriquez may state a claim for attorney fees.

Furthermore, the defendants have not shown good cause for issuance of a protective order. Nowhere in their briefs does it show reasons for why compliance with the plaintiff's discovery requests would be unduly burdensome.

Although the defendants have admitted to negligence causing the death of Rodriquez's husband, her discovery requests still are relevant to the remaining issues in the case, including her prayer for attorney fees. Therefore, the Motion for Protective Order is **DENIED**.

_____

For the foregoing reasons the Motion for Protective Order on Plaintiff's Discovery Requests [DE 32] filed by the defendants, Daniel M. Long and J.B. Hunt Transport, Inc., on April 29, 2009, is **DENIED**.

ENTERED this 24th day of September, 2009

                                        s/ ANDREW P. RODOVICH
                                          United States Magistrate Judge