```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

CAROLYN M. RODRIQUEZ,                )
Personally and as Administrator      )
of the Estate of Marcos              )
Rodriquez Sr., Deceased,             )
                                     )
            Plaintiff                )
                                     )
        v.                           )   Case No. 2:08 cv 273
                                     )
DANIEL M. LONG; J.B. HUNT            )
TRANSPORT, INC.,                     )
                                     )
            Defendants               )

## OPINION AND ORDER

This matter is before the court on the Motion to Quash Notices of Deposition [DE 51] filed by the defendants, Daniel M. Long and J.B. Hunt Transport, Inc., on November 15, 2010. For the following reasons, the motion is DENIED.

### Background

The plaintiff, Carolyn Rodriquez, filed her Amended Complaint on January 21, 2009, alleging that the death of her husband was the result of the negligence of the defendants. The defendants filed an answer to the original complaint denying liability and alleging comparative fault as an affirmative defense. The Amended Complaint contains a request for attorney fees "for the defendants' frivolous, unreasonable, and groundless" defense. The defendants, in their Answer to the Amended

Complaint, admit to negligence, but claim that the plaintiff should be precluded from claiming attorney fees according to the Indiana Wrongful Death Statute. The Amended Answer includes denials that Long was traveling at a high rate of speed or that he was careless or reckless in the operation of the tractor trailer unit.

The defendants previously filed a motion for a protective order in opposition to the plaintiff's requests for production, expert witness interrogatories, and expert request for production. In their motion, the defendants argued that they admitted to negligence and that the plaintiff was not entitled to attorney's fees under the Indiana Wrongful Death Statute, rendering damages the sole remaining issue. Because the plaintiff's discovery requests related only to the issue of attorney's fees, the defendants claimed that the plaintiff's discovery requests were irrelevant to the remaining issue. The court denied the defendants' motion, finding that the plaintiff could recover attorneys fees if she could establish that the defendants' affirmative defenses were frivolous, unreasonable, or groundless, and that their discovery requests were relevant to this issue.

The defendants filed this Motion to Quash the Notice of Deposition of Daniel Long and Mark Whitehead, raising the same issues as their motion for a protective order. The defendants

claim that the plaintiff is not entitled to attorney's fees, the sole issue is damages, and that Long and Whitehead do not have any information relevant to the issue of damages.

## Discussion

The defendants assert that the information Rodriguez seeks to obtain from the two depositions is not relevant because she is not entitled to attorney's fees under the Indiana Wrongful Death Statute. A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Federal Rule of Civil Procedure 26(b)(1). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. Borom v. Town of Merrillville, 2009 WL 1617085 (N.D. Ind. June 8, 2009) (citing Sanyo Laser Prods.,

Inc. v. Arista Records, Inc., 214 F.R.D. 496, 502 (S.D. Ind. 2003). See also Adams v. Target, 2001 WL 987853, *1 (S.D. Ind. July 30, 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). See also Shapo v. Engle, 2001 WL 629303, *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

The court already has held that the plaintiff may recover attorney's fees. To reiterate, the Indiana Wrongful Death Statute states that, "When the death of one is caused by the wrongful act or omission of another . . . the measure of damages to be recovered shall be . . . such costs and expenses of administration, including attorney fees." Ind. Code §34-23-1-1. See also Fellner v. Philadelphia Tobaggan Coasters, Inc., 2006 WL 2224068, *5 (S.D. Ind. Aug. 2, 2006) (stating that the aforementioned provision clearly permits attorney fees as an element of damages recoverable in a wrongful death action). That ruling was not challenged before the assigned district judge, so it remains a viable claim.

In the event that the defendants' denials of liability or affirmative defenses were frivolous, unreasonable or groundless, such fees are available. Although the defendants deny making any inappropriate defenses, the Answer and Affirmative Defenses to Plaintiff's Amended Complaint contain numerous denials. For

4

example, the defendants deny that Long was traveling at a high rate of speed and deny that he was careless or reckless in the operation of the tractor trailer. It is within Rodriquez's rights to prove that these denials are frivolous, unreasonable or groundless, and to do so Rodriquez will need information relating to the events surrounding the accident that killed her husband. Therefore, the information Rodriquez seeks from Long and Whitehead's deposition concerning the events of the accident is relevant to her claim for attorney's fees.

The defendants also claim that the deposition of Whitehead will involve questions relating to the attorney/client privilege. As with any claim of privilege, any objections must be made to specific questions. United States v. Lawless, 709 F.2d 485, 487 (7th Cir. 1983). The defendants cannot prevent a deposition with a blanket claim of privilege.

_____

For the foregoing reasons, the Motion to Quash Notices of Deposition [DE 51] filed by the defendants, Daniel M. Long and J.B. Hunt Transport, Inc., on November 15, 2010, is DENIED.

ENTERED this 7th day of December, 2010

                                        s/ ANDREW P. RODOVICH
                                            United States Magistrate Judge